IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER MALINOWSKI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BOB DURISON, et al., | : | NO. 08-2725 |
| | : | |
| Defendants. | : | |

**MEMORANDUM and ORDER**

Baylson, J.                                                                                                October 21, 2008

## I.   Introduction

This case is here after removal from the Court of Common Pleas of Philadelphia County. Plaintiff, Christopher Malinowski, brings this action under 42 U.S.C.A. § 1983 and Article I § 13 of the Constitution of the Commonwealth of Pennsylvania against Defendants Bob Durison (an individual public employee), Philadelphia County Prison System, Pennsylvania Department of Corrections, and Pennsylvania Board of Probation and Parole. Plaintiff seeks damages in excess of $50,000 plus costs.

Defendants Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole (hereinafter "Commonwealth Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, this Motion will be GRANTED.

## II.   Background

Plaintiff alleges that as a prisoner in the Philadelphia County Prison System, where he

was incarcerated from on or about July 27, 2001 until on or about November 2, 2005, he was held at least ninety-eight days beyond the expiration of his maximum sentence.  (Compl. ¶ 6, 8.) Plaintiff seeks damages for violations of his rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C.A. § 1983 and under Article I § 13 of the Pennsylvania Constitution.  (Compl. ¶ 7.)

Defendants Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole filed a Motion to Dismiss Plaintiff's Complaint on June 17, 2008 (Doc. No. 2) based on the following grounds: (1) Commonwealth Defendants are not "persons" subject to liability under Section 1983 and (2) sovereign immunity bars Plaintiff's claims under the Pennsylvania Constitution.

In response, Plaintiff admits that Commonwealth Defendants are not subject to liability under Section 1983.  He also concedes that his state claims are barred by sovereign immunity and withdraws these claims as to the two Commonwealth Defendants.

However Plaintiff argues that in his Complaint he identifies two individuals (one of whom is already named as a Defendant) and that he is without specific knowledge of the names of other individuals involved in the alleged wrongdoing.  Plaintiff is therefore requesting leave to amend after taking discovery to specify the names of other individuals liable under Section 1983.

### III.   Jurisdiction

Jurisdiction is proper pursuant to 28 U.S.C.A. § 1441(b) because Plaintiff alleges a violation of his federal civil rights under 28 U.S.C.A. § 1983.

### IV.   Discussion

Plaintiff seeks leave to amend the Complaint once he has determined the names of

individuals from the agencies who allegedly violated his civil rights. Plaintiff's request for relief is premature until Plaintiff further investigates the facts and/or takes discovery to ascertain the identity of other individuals who he seeks to name as defendants and then files an appropriate motion under Federal Rule of Civil Procedure Rule 15. Plaintiff's counsel shall discuss the issue at the Rule 16 conference.

### ORDER

AND NOW, this 21st day of October, 2008, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (Doc. No. 2) pursuant to Federal Rule of Procedure 12(b)(6) is GRANTED as unopposed as to Defendants Commonwealth of Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole. Plaintiff Christopher Malinowski's claims against these Defendants are hereby DISMISSED.

2. A Rule 16 telephone conference shall be held on Tuesday, November 4, 2008 at 4:30 p.m.

BY THE COURT:

/s Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2725 Malinowski v. Durison\Memo re MTD.wpd